# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES LEE CLICK, )
 )
      Petitioner, )
 )
v. ) Case No. CIV 09-276-RAW-KEW
 )
BRUCE HOWARD, Warden, )
 )
      Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, attacks the execution of his 99-year sentence in Comanche County District Court Case Number CF-75-646 for Robbery with Firearms.

Petitioner alleges that at the time of his crime in August 1975 and of his conviction in May 1976, Okla. Stat. tit. 57, § 138, provided for automatic deduction of "good time credits," commencing at the time an offender was received into the Oklahoma prison system. He claims § 138 was amended on September 8, 1976, and the amended version of the statute required prisoners to *earn* "good time credits," based on their successful work, training, or treatment programs. The amendment also allegedly merged "good conduct credit" with "work credit" and eliminated the necessity of giving an inmate a minimum release date when he first was received at a Department of Corrections facility.

Petitioner claims the amendment to the statute was retrospective, and it has worked to his detriment. He alleges he was not credited with a deduction of 40 years and 7 months until March 11, 1983, a delay that deprived him of almost 6 years and 9 months of credits. This alleged delay also denied him the prospect of (1) a parole board review after 15 years, or one-third of his sentence, or (2) possible immediate release. He also asserts that for more than 30 years he has been assigned to and successfully participated in a number of prison programs and work assignments that should have granted him three days of credit for each day served.

The respondent has filed a motion to dismiss, alleging petitioner was denied relief on this claim several times in the 1990s, he has failed to exhaust his administrative and state judicial remedies, and his claims are time barred. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner has submitted a copy of a Request to Staff, dated March 20, 2009,

2

concerning his credits claim. The response, dated March 24, 2009, states that petitioner's file had been audited through September 30, 2005, and any corrections were made. Petitioner also has submitted copies of his Inmate/Offender Grievance Report Forms dated March 11, 2009, and March 25, 2009, and the respondent has submitted a Grievance Report Form dated March 31, 2009, all concerning the same issues. An Interoffice Memorandum from the Warden's Assistant, dated March 26, 2009, states petitioner's Grievance was being returned unanswered because it included attachments, and it violated the rule that only one Grievance and one Request to Staff could be sent for each issue. A subsequent Interoffice Memorandum, dated April 8, 2009, stated petitioner's Grievance was being returned unanswered because it was out of time from the date of the incident. On April 16, 2009, the Director's Designee returned petitioner's Grievance because it was out of time, and there was "no informal action, 'Request to Staff' response." Nothing in the record indicates petitioner filed a petition for judicial review.

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S.

3

722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** respondent's motion to dismiss [Docket #7] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 4th day of March 2010.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**